ON THE! MERITS.
The question before us for determination is whether, in view of the delay in this case, the tax collector can be held responsible for the price.
It must be borne in mind that it is the duty of this officer to make settlements of all amounts he has received for the State, at stated times.
A failure to comply exposes him to arrest and criminal prosecution, at the instance of the officer of the State with whom the settlement must be made. The final settlement he is ordered to make should cover all amounts received; this includes the purchase price of property sold at tax sale. It was necessary, in order that the purchaser might protect whatever rights he had acquired under the judgment, to take immediate steps for its enforcement.
*1784 Granted that, prior to the judgment, the amount had been retained, the tax collector could not, without an open violation of the statute, continue to retain it after the judgment had been rendered. It devolved upon the purchaser at once to call upon him for payment. After the delays had elapsed it was not unreasonable to assume that as against him the right to require restitution had been abandoned, and that it only remained for him to comply with the statute and turn the amount into the State Treasury.
But it may be said in answer that the amount had already been accounted for and a settlement made with the State previous to the judgment.
We may state at this time that, had that fact been made known on the trial, that an account had been rendered and a settlement made as required, the officer would not have been ordered to return a price no longer in his possession.
We are now dealing with delays which elapsed after the judgment, and as to these, it does not appear to us unreasonable that they should operate as an estoppel preventing recovery, without regard as to whether settlement of this price was made by turning in the amount into the treasury prior or after the judgment. There were prejudicial delays before and after the judgment. At least seven settlements had been made with the Auditor after the judgment was obtained. Should officers who are commanded by law to exact final settlements or to make final settlements be compelled to make settlement, after settlement without closing their accounts completely, although so ordered, in order to await the pleasure of a tardy purchaser at tax sale?
After the judgment, the officer was required to pay over to the State. A delay at that time is equally as fatal as a delay prior to judgment. Referring to delay Mr. Oooley on Taxation says: “ But in general, if the money, though actually collected under compulsion, is paid over to the proper receiving officer before the suit is brought, the treasurer is protected, and this principle has been applied to cases in which the officer’s authority was void for unconstitutional or other reason.”
The authorities all hold that after the money has been paid into the treasury no recovery can be had from the tax collector. Houston vs. Tax Collector, 39 An. 33; Eng. and Am. Ency. of Law, Vol. 25, p. 443.
*1785 But there is a consideration far more controlling than the foregoing, we think.
It is that the judgment appealed from decrees that the claim of appellee be paid out of any funds in his hands.
That is not possible under the law as we interpret the statutes upon the subject.
We understand that the collectors of taxes in making their return to the Auditor (which must be sworn to) of amounts collected for the State and parish taxes, must state separately in the returns upon suitable blanks for the purpose the amount of the general fund, interest and other funds. Interest funds, for instance, can not. be applied to the payment of the price of a tax sale, which has beers, annulled.
It follows that the tax collector can not pay out of any fund Such payment would disturb balances and effect the verity of his affidavit to the return.
The judgment of this court (iu the case beiore decided between these parties) ordered payment, but not from any fund nor from the State Tax Oollector individually or personally.
The amount is unquestionably due, and although small it should not be overlooked by the legislative branch in appropriating funds to-meet legitimate claims against funds to which the State has no right.
It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed, and plaintiff and. appellee’s rule dismissed.